# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **B.F. and R.F.**

**No. 16-0078** (Wyoming County 13-JA-75 and 13-JA-76)

**FILED**

**June 21, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother M.R., by counsel Thomas H. Evans III, appeals the Circuit Court of Wyoming County's December 28, 2015, order terminating her parental rights to B.F. and R.F.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Timothy P. Lupardus, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights and failing to make adequate findings.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2013, the DHHR filed an abuse and neglect petition alleging that petitioner abused B.F., then three years old, and R.F., then eleven months old, by leaving them in an unsanitary home with an unidentified male. The DHHR further alleged that, while unattended, B.F. ran out into the road and was almost struck by a vehicle. Specifically, on November 5, 2013, two DHHR workers were driving by petitioner's home when B.F. ran from behind a parked car, into the road, and was almost hit by the workers' vehicle. The workers asked the child where her mother was and she replied "in the mountains." An unidentified male came from petitioner's home and took the child inside. The male did not respond to the workers' questions but the workers were later informed that petitioner was "living on Bud Mountain" with her

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.,* 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II,* 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.,* 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.,* 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Because the permanency hearing in this matter took place after May 20, 2015, the day the revisions to West Virginia Code §§ 49-1-101 through 49-7-304 became effective, the Court will apply the revised versions of those statutes on appeal.

boyfriend. The workers also observed animal feces throughout petitioner's home. The DHHR also alleged that R.F. suffered from severe diaper rash. The DHHR noted that this was the second removal of petitioner's children. According to the DHHR, the first removal was in 2012 and resulted from petitioner's drug abuse.

In November of 2013, the circuit court held a preliminary hearing wherein petitioner waived her right to a preliminary hearing. The circuit court found that imminent danger existed to the children's physical well-being and ordered their removal; that petitioner submit to a psychological evaluation; and that she submit to random drug screening. Petitioner moved the circuit court for a pre-adjudicatory improvement period and the circuit court granted her motion.

In April of 2014, the circuit court held an adjudicatory hearing wherein petitioner stipulated to the allegations contained in the petition. The circuit court accepted petitioner's stipulations and found that she failed to protect the children from abuse and neglect. Petitioner moved the circuit court for a post-adjudicatory improvement period and the circuit court granted her motion. The circuit court ordered that petitioner remain drug free, submit to random drug and alcohol screenings, and enroll in an in-patient drug and alcohol rehabilitation program. Petitioner's improvement period was extended several times thereafter.

In October of 2014, the circuit court held a dispositional hearing wherein petitioner failed to appear but was represented by counsel. The DHHR's workers testified that petitioner initially participated in both random drug and alcohol screening and visitation with the children. They testified that petitioner signed a family case plan and agreed to address her substance abuse issues. They also testified that petitioner entered substance abuse rehabilitation programs but left before completing said programs because she refused to submit to random drug screens and failed to abide by program rules. Testimony was also presented that, during the pendency of this case, petitioner was arrested for fleeing from a police officer's custody and jumped from a moving vehicle while intoxicated. Following the presentation of the evidence, the circuit court noted that that the children had remained in foster care for approximately two years. The circuit court found that petitioner failed to take advantage of her extended improvement period, attend multidisciplinary team ("MDT") meetings and court hearings, and comply with services. The circuit court further found that petitioner failed multiple drug and alcohol screens, continued to have problems with law enforcement, and failed to participate in an in-patient drug and alcohol rehabilitation program. The circuit court determined that petitioner failed to make the changes needed to correct her parenting deficiencies and found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. Accordingly, the court determined that terminating petitioner's parental rights was in the children's best interests and did so by order dated December 28, 2015. It is from this order that petitioner now appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether

2

such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first argues that the circuit court erred in terminating her parental rights because the circuit court failed to provide her with proper notice of the dispositional hearing. Rule 31 of the Rules of Child Abuse and Neglect Proceedings provides that "[n]otice of the date, time, and place of the disposition hearing shall be given to all parties, their counsel, and persons entitled to notice and the right to be heard." She provides no evidentiary support that her notice was improper. The DHHR filed its petition to terminate petitioner's parental rights in April of 2015. An order setting the date of the dispositional hearing was filed in May of 2015. The May of 2015 dispositional hearing was continued until July of 2015, and the circuit court set another dispositional hearing date for October of 2015, in that same order. It is important to note that petitioner attended all of the hearings prior to the dispositional hearing. In the case at hand, petitioner was the only party that failed to appear at the October of 2014 dispositional hearing and she presents no evidence indicating that she did not receive proper notice, other than her contention. Based on the record presented, we find no merit to petitioner's assignment of error.

Moreover, the record is clear that the terms of petitioner's post-adjudicatory improvement period required her to remain drug free and complete an in-patient drug and alcohol rehabilitation program, among other requirements. Pursuant to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected includes one in which

[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child[.]

Furthermore, the record is devoid of any evidence that petitioner completed an in-patient drug and alcohol rehabilitation program. Ultimately, petitioner refused to screen for drugs and alcohol, visits with the children, answer her door for service providers, and participate in the abuse and neglect proceedings. As such, it is clear that the evidence establishes petitioner's failure to comply with services. Pursuant to West Virginia Code § 49-4-604(a)(6), circuit courts are directed to terminate parental rights upon these findings.

Moreover, we have previously held that "'courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened . . .' Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980)." Syl. Pt. 4, in part, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). As noted above, the circuit court had serious concerns about petitioner's ability to remain drug-free and parent her children. As such, we find no error in the circuit court terminating her parental rights. Therefore, given the circumstances presented herein, we find no merit to petitioner's second assignment of error.

Finally, petitioner argues that the circuit court failed to make a plausible account of the evidence and, as a result, failed to make an appropriate ultimate ruling. In support of her argument, petitioner contends that because she failed to appear for the dispositional hearing, the circuit court made its ruling without her testimony. She also contends that her multiple positive drug screens and her failure to appear at the dispositional hearing led to the termination of her parental rights.

Petitioner is correct that her failure to make progress during her post-adjudicatory improvement period led to the termination of her parental rights. The record indicates that petitioner signed a family case plan, agreed to address her substance abuse issues, and enrolled in substance abuse rehabilitation programs but left before completing the programs because she refused to submit to random drug screens and failed to abide by program rules. The record further indicates that the children remained in foster care for approximately two years because she failed to participate in services. As such, the circuit court was presented with sufficient evidence to find that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. Given the circumstances presented in this case, we find no error in the circuit court's order terminating petitioner's parental rights to the children.

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 28, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: June 21, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II